IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN R. SMITH,

      Plaintiff,

v.                                                          Case No. 19-590-JWB

TAHSIN INDUSTRIAL CORP. U.S.A.,

      Defendant.

**MEMORANDUM AND ORDER**

On March 7, 2024, Lorne Smith, a proffered expert from Defendant in this case, unexpectedly passed away while *Daubert* motions from both parties were still pending. (Doc 104-1.) Given this fact, the court ruled that the *Daubert* motion related to Mr. Smith's testimony was moot and directed Defendant to file a motion to substitute an expert witness. (Doc. 102 at 13.) Defendant timely moved to substitute on February 12, 2025, and offered David Smith, the son of Lorne Smith, as a replacement expert. (Doc. 103.) This motion is fully briefed and ripe for decision. (Doc. 103, 104, 105.)

Plaintiff argues in response to the motion that 1) David Smith's testimony should be limited to his father's report and 2) the court should revive the *Daubert* objections previously raised to Lorne Smith's report, since the reports of both David and Lorne Smith are largely identical. The court construes this second argument as a motion to reconsider its previous ruling on excluding the testimony of Lorne Smith. Although the *Daubert* deadlines in this case have passed, the court will reconsider the *Daubert* arguments regarding Lorne Smith (and, by extension, David Smith) on the merits as the arguments have been preserved in the record and fairness concerns regarding the timing of the substitution motion warrant the court revisiting its previous ruling. The motion

1

to substitute David Smith is granted, but he is limited to the four corners of the Lorne Smith report and opinions. The motion to exclude Lorne Smith's opinions is granted in part and denied in part for the reasons stated herein.

I.   **Facts**

The facts in this case have previously been set out by the court. (Doc. 102.) Briefly repeated here, this case arises out of an alleged design failure of an Ameristep ASLS-505 model Two-Man ladder stand ("tree stand"). The tree stand, which was manufactured by Defendant in 2007, was sold to Plaintiff at a Walmart. Defendant Tahsin included assembly instructions, installation instructions, and written warnings in the same package as the tree stand, along with a safety harness and safety DVD. Plaintiff allegedly installed and took down the tree stand in 2016 without any issue. On approximately October 15, 2017, Plaintiff once again set up his tree stand for personal use on family property. The tree stand, which comprises a ladder leading up to a platform with a seat, utilized a stabilizing bar which runs from the ladder near its vertical midpoint to the tree. The stabilizing bar consists of two pieces, one of which slides into the other, that allows the length of the bar to be adjusted to fit the distance between the ladder and the tree. When the two-piece bar is adjusted to the proper length, the two pieces of the bar are locked in place by tightening a threaded bolt that passes through the outer sleeve of the bar and puts pressure on the inner bar, thereby preventing the two pieces from moving by friction. The bolt is designed to be hand-tightened using an integral knob mounted on the end of the bolt. (Doc. 94 at 5-7.)

After its installation, Plaintiff later attempted to use this tree stand on October 22, 2017; however, when he attempted to climb the ladder stand, Plaintiff claims that the tree stand shifted when he reached approximately the third step. As Plaintiff reached for something to support himself, he claims that he observed that the stabilizer bar had separated, causing the stand to buckle

2

at almost a 90-degree angle.  As a result of the alleged failure of the stabilizing bar, Plaintiff claims that he fell to the ground and sustained injury.

Plaintiff filed suit against Defendant in September 2019 in Ottawa County, Oklahoma.  This matter was removed to this court under diversity jurisdiction.  After discovery was complete, the parties filed cross-motions to exclude each other's expert witnesses in summer 2023, including Defendant's expert Lorne Smith.  (Doc. 71, 79, 82.)  Defendant also moved for summary judgement on all counts. (Doc. 68.)  While waiting for these motions to be resolved, Lorne Smith passed away on March 7, 2024.  (Doc. 99.)

On December 4, 2024, the court set this case for trial starting April 28, 2025.  (Doc. 98.)  In a later order on February 24, 2025, the court issued a ruling on the outstanding *Daubert* and summary judgement motions, instructing Defendant to file a motion to substitute and mooting the *Daubert* motion related to Lorne Smith.  (Doc. 102.)  The Court also noted that it retained the option to potentially extend deadlines regarding Defendant's newly proffered expert if necessary.  (*Id*.)  In response to this instruction from the court, Defendant timely made a motion to substitute David Smith for Lorne Smith on February 12, 2025.  (Doc. 103.)  Plaintiff objects to the substitution and argues that the previously mooted *Daubert* motion for Lorne Smith should apply to David Smith's testimony.  (Doc. 104.)

**II.   Standard**

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of their expert witnesses, as well as their expert witnesses' reports, in accordance with scheduling orders issued by the trial court.  If supplementation is necessary, parties are to supplement or correct any disclosure in a timely manner or as ordered by the court. Fed. R. Civ. Proc. 26(e)(1).  For expert witnesses, any changes "must be disclosed by the time the party's pretrial disclosures under Rule

3

26(a)(3) are due." Fed. R. Civ. Proc. 26(e)(2). If a party fails to provide or supplement the information required in Rule 26(a) or 26(e), that information will be excluded unless the failure is substantially justified or harmless. Fed. R. Civ. Proc. 37(c)(1). The purpose of these rules is to promote full disclosure of the facts and to prevent trial by ambush. *See Baumann v. Am. Family Mut. Ins. Co.*, 278 F.R.D. 614, 615 (D. Colo. 2012) (citing *Morel v. Daimler–Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009)). "[T]he death of [an] expert witness . . . is a valid basis to grant [a] motion to substitute an expert witness in his place." *Terra Venture, Inc. v. JDN Real Est.-Overland Park, L.P.*, No. 02-2593-GTV, 2004 WL 5509090, at *2 (D. Kan. June 21, 2004). *See also Morel*, 259 F.R.D. at 20 ("Death of an expert witness falls squarely within the category of circumstances that require a late disclosure").

### III.   Analysis

Given that Defendant's motion to substitute its expert is contested, the court will construe Plaintiff's briefing on the motion as both a request to deny the motion to substitute and a motion to exclude Mr. Smith's testimony. The court will address each argument in turn.

### A)   Defendant's motion to substitute David Smith for Lorne Smith

Defendant seeks to replace its deceased witness Lorne Smith with his son, David Smith. Plaintiff objects on the grounds that Defendant waited too long and acted in bad faith in filing the motion to substitute and additionally argues that David Smith offers opinions beyond those offered by Lorne Smith. The Tenth Circuit provides the following factors in determining whether to allow substitution of an expert witness after the Rule 26 deadlines have passed: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*

4

*Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Starting with the fourth prong on the issue of bad faith (which is the first point contested by Plaintiff in his brief), the court does not find that the motion to substitute is made in bad faith, nor is the time between the expert's death and the present motion an act of bad faith. Plaintiff takes issue with the fact that Defendant waited almost ten months to disclose the death of Lorne Smith and request a substitution. (Doc. 104.) However, courts have overlooked similar delays where the proposed new expert testimony is "substantially similar" to the expert they are replacing. *Chavez v. Encompass Ins. Co. of Am.*, No. 1:08-CV-2965-TCB, 2010 WL 11586387, at *1 (N.D. Ga. June 8, 2010) (granting a substitution for a deceased expert, even when it was "not entirely clear to the Court" why the moving party waited eight months to notify the opposing party and file its motion for substitution). Plaintiff also contends that waiting to make a motion to substitute until three months before the start of trial is an attempt to gain a testimonial windfall by Defendant. The court disagrees. First, no trial date had been set in this case until the court's order dated December 5, 2024. (Doc. 99.) It is true that Lorne Smith passed away after the discovery deadline and Defendant waited until January 2025 to notify the court of his death and to advise that it would seek substitution;[1] however, the present motion was made in response to a direct court order rather than an unprompted attempt to substitute at the eleventh-hour. *Cf. Timmons v. Purdue Pharma Co.*, No. 8:04-CV-1479-T-26MAP, 2006 WL 6866590, at *1 (M.D. Fla. Jan. 24, 2006). Even if the motion was not made in response to an order from the court, other courts in this district have not found bad faith in similar circumstances. *Martin v. Interstate Battery Sys. of Am.*, Inc., No. 12-CV-184-JED-FHM, 2016 WL 4400972, at *2 (N.D. Okla. Aug. 18, 2016) (granting an expert

---

[1] As noted above, Lorne Smith passed away on March 7, 2024. Per the court's order at Doc. 62, the discovery cutoff deadline was May 1, 2023, and the dispositive motion deadline was May 30, 2023. The pretrial order (Doc. 94) had been filed on July 24, 2023.

5

substitution one month before trial when an expert was instructed by a doctor to discontinue his work after open-heart surgery). Thus, the court does not find Defendant's motion to be in bad faith.

Regarding the prejudice prongs, Plaintiff contends that the substitution unfairly prejudices him because David Smith's report "is more robust than Lorne Smith's expert report, including additional analysis and new opinions." (Doc. 104 at 3.) Upon reviewing David Smith's report, the court finds that his report is functionally identical to Lorne Smith's report except for one added opinion on the consistency of Plaintiff's deposition statements. (Doc. 103-2.) To minimize undue prejudice, the court will "limit . . . testimony to the same areas of testimony previously disclosed" and limit David Smith to only those opinions contained in Lorne Smith's report (which David Smith ratifies in its entirety). *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, No. CIV. A. 86-2457-S, 1991 WL 205691, at *2 (D. Kan. Sept. 23, 1991). This procedure has been followed by numerous courts in similar situations to ensure there is no prejudice to either party. *See Martin*, 2016 WL 4400972, at *2 (N.D. Okla. Aug. 18, 2016) (allowing substitution for an expert to give an identical report and "limited to the four-corners of [the original] expert report"); *Sinclair Wyoming Ref. Co. v. Pro-Inspect, Inc.*, No. 12-CV-196-J, 2014 WL 12768315, at *3 (D. Wyo. Jan. 29, 2014) (allowing substitution of an expert where there "will be no meaningful change in testimony"); *Baumann*, 278 F.R.D. at 616 (granting subject matter so long as the "opinion [does] not stray from the subject matter" of the previous opinion). This still allows Defendant to present relevant testimony without surprising Plaintiff with new conclusions.[2] As noted by the court in the District of Puerto Rico, "[a]llowing substitution furthers this goal of a fair contest for both parties because

---

[2] The court will also note that David Smith's new conclusion regarding the credibility of Plaintiff's inconsistent statements is not a topic on which an expert can opine, as credibility is fundamentally a jury determination. *See, e.g.*, *United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir. 2010) ("We accept at face value the jury's credibility determinations and its balancing of conflicting evidence."). Thus, in any event, this conclusion is inadmissible.

6

without the new expert the defense would be punished for the death of one of its witnesses, and with the substitution the plaintiffs still have the ability to adequately prepare." *Morel*, 259 F.R.D. at 21.

On a balancing of all the above factors, the court finds that allowing David Smith to testify in the place of Lorne Smith is not prejudicial to the Plaintiff, would not disrupt trial, and is not made in bad faith. Therefore, the motion to substitute David Smith is granted, subject to the condition that he does not testify beyond the scope of Lorne Smith's original report. The court also extends the discovery deadlines limited only to a deposition of David Smith until April 7, 2025, so that the parties may schedule and conduct a deposition of this new witness at a time convenient to them and without necessitating a continuance of the scheduled trial date.

**B) Plaintiff's revived *Daubert* motion**

In its order on February 10, 2025, the court ruled that the *Daubert* motion related to Lorne Smith was moot because he was deceased and therefore directed Defendant to designate a replacement. As noted above, Defendant's new expert report from David Smith responding to the court's order does not just contain similar conclusions to Lorne Smith's report, it is functionally identical (even down to the formatting). Moreover, this case is nearly eight weeks away from trial and a new round of *Daubert* briefing would likely be superfluous, inefficient, and disruptive to the parties in their trial preparation. In his brief, Plaintiff states, "[s]ince David Smith adopts all the findings and opinions of Lorne Smith, Plaintiff's [*Daubert*] motion is not moot, and Plaintiff incorporates that motion herein by reference. Plaintiff requests this Court rule on his motion and apply those holdings to David Smith in the event substitution is allowed." (Doc. 104 at 1.) The court finds this request as reasonable, and therefore reconsiders its prior ruling which mooted the Plaintiff's *Daubert* objections to Lorne Smith and extends these *Daubert* objections to the

7

testimony of David Smith.[3]  (*See* Doc. 102, 82, 91, 96.)

This court set out its standard for expert witness testimony under Federal Rule of Evidence 702 in its previous ruling. (Doc. 102 at 4-6.)  Briefly restated, district courts have broad discretion to determine whether a proposed expert may testify. *United States v. Nichols*, 169 F.3d 1255, 1265 (10th Cir. 1999).  The proponent of expert testimony bears the burden of showing the expert testimony is admissible. *Hampton v. Utah Dep't of Corr.*, 87 F.4th 1183, 1201 (10th Cir. 2023). "First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion." *Lippe v. Howard*, 287 F. Supp. 3d 1271, 1277-78 (W.D. Okla. 2018).  After determining an expert is qualified, "the district court must satisfy itself that the testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1282 (10th Cir. 2018) (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (citation omitted). However, "rejection of expert testimony is the exception rather than the rule." *United States v. Mansker*, No. 23-CR-342-JFH, 2023 WL 8234645, at *2 (N.D. Okla. Nov. 28, 2023).

The district court may satisfy its gatekeeping role without a *Daubert* hearing "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597).  Much like

---

[3] Law of the case doctrine exists to promote finality and prevent re-litigation of previously decided issues; however, it "is considered only a rule of practice and is not a limit on a court's power or authority." *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir.1996).  Rather, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).  This includes reconsideration of previous *Daubert* rulings. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252–53 (10th Cir. 2011).

the other expert witness rulings in this case, the court has decided to reevaluate the motion without a *Daubert* hearing because the nature of the opinions expressed by both Lorne Smith and David Smith, along with the materials cited in the briefs, are sufficient for the court to determine admissibility. *Ho v. Michelin N. Am., Inc.*, 520 F. App'x 658, 664 (10th Cir. 2013) (holding district court permissibly exercised its discretion in ruling without a formal *Daubert* hearing).

Regarding Lorne Smith's (and now David Smith's) testimony, Defendant engaged him to offer opinions regarding tree stand safety and to opine on Plaintiff's misuse of the tree stand which caused his injury. (Docs. 103-1, 103-2.) David Smith is not a mechanical engineer, and his educational background appears to be in psychology with work experience in finance. (Doc. 104-3.) However, according to his CV, David Smith has been a consultant with his father's hunting accident reconstruction and hunting equipment testing company since 2000, and he now has taken over the company on his father's death. (*Id*.) In this consulting role, he assisted Lorne Smith with writing and production of the tree stand safety video, *Treestand Safety: It's Up to You* which is allegedly "co-packaged with all treestands sold in this country" and he has also taught courses in Treestand Accident Investigation and Treestand Safety. (Doc. 103-2 at 5.) This claimed experience and skill provides him with the necessary qualifications to opine on tree stand safety and warnings but does not necessarily provide him with experience to speak on specific engineering topics that would require specialized knowledge.[4]

Plaintiff does not seek to exclude his entire testimony, but rather seeks to exclude six specific opinions from his report: 1) an opinion that the tree stand was not defective when it was sold, thus neglect and misuse caused the tree stand's failure; 2) an opinion that the stand had been

---

[4] Given that David Smith's testimony in this case has been limited to the prior testimony of Lorne Smith, the court will address Plaintiff's objections to the opinions of Lorne Smith in the context of them being offered instead by David Smith. Additionally, Plaintiff did not contest David Smith's qualifications to offer the opinions from Lorne Smith in their response to the substitution motion.

9

left in the elements for an extended period of time; 3) an opinion that the tree stand was not installed on a proper tree; 4) a conclusion that Plaintiff's explanation of where he was standing on the tree stand ladder for the accident is untenable; 5) a conclusion that the accident would not have happened if the installation ropes were properly used; and 6) a conclusion that Plaintiff' failed to understand and follow the written warnings and instructions.  (Doc. 82 at 9-16.)  The court will address each topic in turn.

The first contested opinion is the conclusion that "[i]n 2007 when the subject treestand was manufactured and sold, there was nothing wrong with the stand. Years of neglect and misuse are the reasons for this stand's failure and this accident." (Doc. 103-2 at 24.)  This is functionally two opinions; first that the tree stand had nothing wrong with it when it manufactured and second that Plaintiff's neglect and misuse caused its failure.  As an initial consideration, expert opinions need to have sufficient facts upon which to base their conclusions and use reliable methods to reach their conclusions.  Fed. R. Ev. 702(b).  "[Y]ears of experience and other qualifications do not overcome . . . concern about lack of independent investigation." *Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 820 (10th Cir. 2010).  In this opinion, David Smith has no specific experience, knowledge, or data about Tahsin's manufacturing process upon which to base his conclusion that the tree stand was manufactured correctly and had "nothing wrong with [it]." Moreover, he provides no methodology on how he reaches this conclusion.  Thus, his opinion on manufacturing does not pass the threshold of reliability under Rule 702, and insofar as his opinion is based on the engineering findings of Mr. Saunders, it is cumulative under Rule 403.  *See, e.g.*, *Moore v. BPS Direct, LLC*, No. 2:17-CV-3228-RMG, 2019 WL 2913307, at *7 (D.S.C. July 8, 2019) (offering this ruling on the same testimony).  He will therefore not be allowed to opine on status of the tree stand when it was manufactured.  Nevertheless, David Smith has numerous years

of experience working with tree stands of various ages and reviewed Lorne Smith's inspection of the failed tree stand. (Doc. 103-2 at 5-7.) He will be allowed to opine on the conclusion that Plaintiff's neglect and misuse caused the tree stand's failure based on his previous experience and inspection.[5]

The second contested opinion is that the tree "stand has been left in the elements for an extended period of time." (Doc. 103-2 at 24.) Although the rust and weathering on the tree stand may be obvious to the untrained layman, David Smith has sufficient experience to opine from the inspection of the failed tree stand that he believes its rust and weathering caused the tree stand to fail, which is a conclusion that could be helpful to the jury.[6] Plaintiff argues that Lorne Smith (and by extension, David Smith) is not a metallurgist nor does he have any way of knowing that the rust and weathering was present in 2017. (Doc. 82 at 11.) Much like the opinions addressed above, these arguments go to the credibility and weight of David Smith's conclusion, rather than its reliability. Therefore, the motion to exclude Lorne Smith's conclusion that the tree stand had been left in the elements for an extended period of time is denied.

The third contested opinion is that the tree on which the tree stand was installed was "not a proper tree onto which to install this stand." (Doc. 103-2 at 24.) David Smith contends that the slope of the tree and the slope of the ground make the choice of tree improper for the tree stand at issue in this case, and Plaintiff contends that these considerations are not included in the instructions which were packaged with the tree stand. This argument by Plaintiff is not an expert

---

[5] Plaintiff takes exception to the fact that Lorne and David Smith "did not conduct his inspection of the subject treestand until January of 2020, approximately twenty-six (26) months after the stand failed." (Doc. 82 at 10.) He argues that this renders the conclusion on Plaintiff's neglect and misuse of the tree stand unreliable. However, this is fundamentally an argument on weight and credibility (which are jury questions) and is best left to be developed on cross examination.

[6] David Smith has similar experience to that of his father and additionally has viewed the recording made by Lorne Smith in his inspection of the tree stand. As such, this ruling will also apply to David Smith's testimony at trial as a substitute expert witness.

reliability argument, but rather is a credibility and fact argument that goes to the conclusion of negligence and assumption of risk. This issue is best addressed in cross examination, and so the motion to exclude David Smith's conclusion that the installation tree was the improper choice is denied.

The fourth contested opinion is the conclusion that the accident could not have occurred the way it did if Plaintiff was allegedly standing on the third rung from the bottom. (Doc. 103-2 at 25.) This opinion was originally offered by Lorne Smith and then adopted by David Smith. Plaintiff contends in his original *Daubert* motion that Lorne Smith is not an engineer, and as such is not qualified to offer this opinion. (Doc. 82 at 13-14.) However, this conclusion is based off Lorne Smith's previous experience dealing with tree stand buckling failures like the one that occurred here. (*See, e.g.*, Doc. 82-2 at 24-25.) His experiences, along with the testing conducted by Mr. Saunders, allows him to conclude that the weight had to be above the sixth step and the tree stand had no ratchet straps attached. This conclusion could be helpful to the jury and is not merely parroting Mr. Saunders conclusions. As proffered in the motion to substitute, David Smith also possesses similar experience to Lorne Smith in this area, and as such the motion to exclude the conclusion that the Plaintiff could not have been standing on the third rung of the ladder is denied.

The fifth contested opinion is the conclusion that had Plaintiff properly attached the installation ropes, the accident would not have happened. (Doc. 103-2 at 25.) This opinion was originally offered by Lorne Smith and then adopted by David Smith. The basis for this opinion was explained during Lorne Smith's deposition in which he claimed that he had experience setting up various ladder stands. Plaintiff argues that the report does not support such a conclusion. The court agrees. "It is axiomatic that an expert, no matter how good his credentials, is not permitted

12

to speculate." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). In proffering this opinion, Lorne Smith (and by extension David) is engaging in hypothetical speculation. He can certainly testify as to the purpose of the installation ropes and their importance in the safe installation process, but he has not provided a basis for supporting his opinion that their hypothetical alternative use would have prevented the accident. This is the same conclusion reached by other courts when faced with similar opinions from Lorne Smith. *See, e.g.*, *Crews v. Tashin Indus. Corp. USA*, No. 5:18-CV-78, 2020 WL 13891303, at *15 (S.D. Ga. Aug. 18, 2020) (excluding testimony where "Mr. Smith fail[ed] to explain how his experience leads to his conclusion as to what would have occurred in a hypothetical situation"). Thus, the motion to exclude the conclusion that the accident would not have occurred with proper use of installation ropes is granted.

The sixth and final contested opinion is the conclusion that Plaintiff "failed to read, understand and follow the written warnings and instructions he was given with his treestand." (Doc. 103-2 at 25.) As noted above, an expert cannot speculate, nor can they speak to any topic outside of their expertise. David Smith is not permitted to speculate into what Plaintiff read, knew, or understood. "[W]hile he may testify about the warnings that accompany the products that [Plaintiff] was using . . . he may only testify about how [Plaintiff] understood the warnings to the extent he is relying on [Plainitff's] own testimony." *Wilhelm v. Ameristep Corp.*, No. 7:15-CV-00362, 2018 WL 6272911, at *19 (W.D. Va. Nov. 30, 2018). This therefore renders the only remaining and relevant conclusion as Plaintiff failed to follow the written warnings and instructions that came with the tree stand. However, such "expert opinions on whether Plaintiff followed warnings and instructions are unhelpful, as the jury is capable of arriving at such conclusions on their own without the assistance of expert testimony." *Crews*, 2020 WL 13891303

13

at *19 (S.D. Ga. Aug. 18, 2020). Given the lack of aid to the jury on this limited opinion, the motion to exclude David Smith's conclusion that Plaintiff failed to follow the written warnings and instructions is granted.

**IV.   Conclusion**

Defendant's motion to substitute expert witness David Smith for Lorne Smith (Doc. 103) is GRANTED, subject to the condition that his testimony be limited to the material contained in the Lorne Smith report which he ratified and resubmitted. The court revisits its ruling that denied Plaintiff's motion to exclude Lorne Smith's expert testimony as moot (Doc. 102), and that motion (Doc. 82) is now GRANTED IN PART and DENIED IN PART as to Mr. Smith's expert testimony. The motion is granted regarding Mr. Smith's opinions on status of the tree stand when it was manufactured and sold, his conclusion that the accident would not have occurred with proper use of installation ropes, and his conclusion that Plaintiff failed to read, understand and follow the written warnings and instructions. It is otherwise denied. The court extends the discovery deadline for the limited purpose of taking a deposition of David Smith to April 7, 2025.

IT IS SO ORDERED. Dated this 3rd day of March, 2025.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE